IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF

v.                          No. 4:18-cr-225-DPM-1

MELISSA BROCK                                      DEFENDANT

## ORDER

**1.** On 23 June 2020, Melissa Brock appeared before the Court to
enter a plea of guilty to Count Two of the Indictment. In that count, the
United States alleges that Brock "did knowingly and intentionally, by
use of a trick, scheme, and device, conceal a material fact within the
jurisdiction of a department or agency of the United States" in violation
of 18 U.S.C. § 1001(a)(1). *Doc. 15 at 2.* More specifically, the
Government alleges that Brock violated the law when she "concealed
from the United States Marshals Service that David Counts helped
Brian Freeman evade law enforcement[.]" *Ibid.*

After the United States' proffer, it was unclear to the Court
whether Brock had a duty to disclose the facts at issue. The Court
remained uncertain after a colloquy with Brock. The Court therefore
deferred accepting Brock's plea and asked the parties to brief the
question. The Court has benefited from those briefs. *Doc. 73 & 74.* The
Court concludes, though, that the record made at the June 23rd hearing
doesn't provide a sufficient factual basis for Brock's proposed plea.

**2.** Brock can be guilty of concealing material facts only if she had a duty to disclose those facts. *United States v. Larson*, 796 F.2d 244, 246-47 (8th Cir. 1986). In locating a duty, courts look for "specific requirements for disclosure of specific information." *United States v. Safavian*, 528 F.3d 957, 964 (D.C. Cir. 2008). The due process required by the Fifth Amendment requires fair notice of what acts and omissions are criminal. *Ibid.* Courts therefore look to statutes, regulations, and government forms to determine whether there's a duty to disclose and, if so, what its contours are. *United States v. Kingston*, 971 F.2d 481, 489 (10th Cir. 1992); *see also, e.g., Larson*, 796 F.2d at 246 (currency reporting statute and regulations); *United States v. Bowser*, 2020 WL 3525746, at *5 (D.C. Cir. 30 June 2020) (Office of Congressional Ethics form); *United States v. Mubayyid*, 658 F.3d 35, 70 (1st Cir. 2011) (IRS form); *United States v. Moore*, 446 F.3d 671, 678 (7th Cir. 2006) (HUD regulations); *United States v. Calhoon*, 97 F.3d 518, 528-29 (11th Cir. 1996) (Medicare regulations).

Here, the lawyers point to no statute, regulation, government form, or other specific source for Brock's alleged duty to disclose what she knew about David Counts. Instead, they argue that once Brock began speaking with the United States Marshals, she had a duty to give them all the relevant information she knew — even if not directly asked. They support this argument with *United States v. Cisneros*, 26 F. Supp. 2d 24 (D.D.C. 1998). There, a cabinet nominee omitted

material information in responding to FBI questioning during his background check.  As the United States Court of Appeals for the D.C. Circuit later observed, however, *Cisneros* is distinguishable because the FBI's questions were "rooted in a government form that the defendant had filled out."  *Safavian*, 528 F.3d at 965 n.7.  Indeed, the Court of Appeals explicitly rejected the theory that "once one begins speaking . . . in response to questioning, one must disclose all relevant facts." 528 F.3d at 965.

The United States presses that the Marshals told Brock that "lying to them constituted a federal offense" and gave Brock *Miranda* warnings at the start of the second interview.  *Doc. 73 at 2 & 4.*  But neither of those admonitions would have notified Brock that she could be prosecuted not only for what she said, but also for what she didn't say.  If this kind of  warning triggered a duty to either remain silent or disclose everything, it would likely surprise many lawyers, who "commonly advise their clients to answer questions truthfully but not to volunteer information."  *Safavian*, 528 F.3d at 965.  This obligation would require interviewees to anticipate where questioning might lead before it began.   And given the number of interviews federal law enforcement agents conduct each year, it would open a broad new front for § 1001 concealment prosecutions.

The Court is not persuaded.  The current record doesn't show that Brock had a legal duty to disclose what she knew to the Marshals.  The Court therefore can't accept the proposed plea.

**3.**  The Court's research has raised another concern:  the statute's "trick, scheme, or device" element.  18 U.S.C. § 1001(a)(1);  EIGHTH CIRCUIT MODEL CRIMINAL INSTRUCTION 6.18.1001A.  Not every failure to disclose involves a trick, scheme, or device.  The Supreme Court gave a helpful example in *United States v. Woodward*, a case about currency reporting:

> A traveler who enters the country and passes through Customs prepared to answer questions truthfully, but is never asked whether he is carrying over $5,000 in currency, might nonetheless be subject to conviction under [the currency reporting statute] for willfully transporting money without filing the required currency report.  However, because he did not conceal a material fact by means of a "trick, scheme, or device," (and did not make any false statement) his conduct would not fall within 18 U.S.C. § 1001.

469 U.S. 105, 108 & n.5 (1985).  This statute contemplates something more than mere nondisclosure.  Indeed, if nondisclosure alone were sufficient, then the trick, scheme, or device element would be superfluous.  *United States v. London*, 550 F.2d 206, 212 (5th Cir. 1977), *overruled on other grounds by United States v. Rodriguez-Rios*, 14 F.3d 1040 (5th Cir. 1994).

It's not clear what course of action the parties believe amounts to a trick, scheme, or device in Brock's case. If the parties pursue another plea hearing, the Court requests them to give attention to the factual basis for that element, too.

**4.** The United States advances another theory for accepting Brock's plea: she violated the statute when the Marshals asked her if she had "any more information" about Freeman's whereabouts. On the current record, the Court can't accept the plea on this basis either. First, the details were fuzzy—Brock said she didn't remember what questions the Marshals asked, but that they "probably" asked her if she had any more information about Freeman's whereabouts. Second, Brock crawfished a bit, noting that she "didn't know exactly where [Freeman] was" at that time. *Doc. 71 at 24.* Third, it's still unclear what facts would prove up the "trick, scheme, or device" element. Last, if the Marshals asked whether Brock had more information, if Brock said "no," and if that response was false, then those facts may well support a false statement conviction under § 1001(a)(2). *Brogan v. United States*, 522 U.S. 398, 400–01 (1998). But that's not the crime charged in Count Two of the Indictment.

Brock's lawyer also proposes an alternative, suggesting that the Court could take testimony from the Marshals to shore up the factual basis. The Court declines this invitation. If the parties still want to

pursue a plea, then the more efficient course is for them to nail down exactly what happened and stipulate to the facts.

*   *   *

The record made thus far doesn't provide a sufficient factual basis for a conviction for concealment by trick, scheme, or device.  The Court therefore declines to accept Brock's proposed plea.

So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

31 July 2020